**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

R.H. ex rel. R.H. and A.H. ex rel. R.H.,

Plaintiffs,

v. Case No.: 3:26-cv-79-WWB-PDB

DUVAL COUNTY SCHOOL BOARD
and KELSEY BETTS,

Defendants.
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant Kelsey Betts's Motion to Dismiss (Doc. 7) and Plaintiffs' Response (Doc. 16).[1] For the reasons set forth below, Defendant's Motion will be granted.

## I. BACKGROUND

Plaintiff R.H. was, at all times relevant to the Complaint, an Exceptional Student Education ("**ESE**") student in second grade at Westview K-8, which is operated by Defendant Duval County School Board. (Doc. 3, ¶¶ 1, 4). R.H. is diagnosed with Autism Spectrum Disorder and has an Individualized Education Plan. (*Id.* ¶ 2).

On November 8, 2023, Defendant Kelsey Betts was supervising an ESE classroom of roughly fifteen students. (*Id.* ¶ 10). During a transition between classrooms, Betts escorted the children to the main hallway restroom and allowed groups of two to three

[1] Plaintiffs' Response fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filing, but any further failures to comply with all applicable rules and orders of this Court, including the Standing Orders, may result in the striking or denial of filings without notice or leave to refile.

ESE students to enter the restroom unsupervised. (*Id.* ¶¶ 12–13). Although R.H. was accompanied by his personal therapist at school, Betts instructed R.H.'s therapist not to accompany him into the restroom to permit R.H. to gain independence. (*Id.* ¶¶ 11, 14). While R.H. was in the restroom with another student, a general-education student exited the restroom and informed a school Registered Behavior Technician "that two kids were 'humping' in the bathroom." (*Id.* ¶ 15). Upon entering the bathroom, the Technician witnessed another ESE student thrusting against R.H. while both students had their pants down. (*Id.* ¶ 16). As a result of the incident, R.H. experienced significant emotional trauma, behavioral regression, increased anxiety, and sleep disturbance. (*Id.* ¶ 18). R.H. was subsequently transferred to a new school. (*Id.* ¶ 19).

R.H. alleges claims against Defendant Betts for negligence (Count III), negligent infliction of emotional distress (Count IV), violation of R.H.'s Fourteenth Amendment right to bodily integrity pursuant to 42 U.S.C. § 1983 (Count VI), and his parents, A.H. and R.H., allege a claim for loss of companionship (Count VIII). (*See generally* Doc. 3).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Betts moves to dismiss all the claims alleged against her. In their Response, Plaintiffs state that they "withdraw Counts III, IV, and VIII" and "do not oppose dismissal of those counts without prejudice." (Doc. 16 at 1). Accordingly, the Court will grant the Motion as to Counts III, IV, and VIII without further discussion and such claims will be dismissed without prejudice.

In the remaining count, Plaintiffs allege, pursuant to § 1983, that Betts violated R.H.'s Fourteenth Amendment right to bodily integrity by showing deliberate indifference to a substantial risk of sexual assault and that Betts's actions were "conscience-shocking and violated clearly established constitutional rights." (Doc. 3, ¶¶ 45–46). Betts argues that Plaintiffs' claim is barred by qualified immunity. Alternatively, Betts argues that Plaintiffs fail to state a claim because they allege only psychological injury and fail to allege that permitting a student to use a hallway restroom unsupervised violates a clearly established constitutional right or is conscience shocking.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). "An official who asserts entitlement to qualified immunity must first establish that . . . [s]he was acting within the scope of h[er] discretionary authority." *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). A government official is acting within the scope of h[er] discretionary authority if the actions "(1) were undertaken pursuant to the performance of h[er] duties, and (2) were within the scope of h[er] authority." *Moore v. Pederson*, 806 F.3d 1036, 1042 (11th Cir. 2015) (quotation omitted). Betts argues that escorting students between classrooms and to the restroom during the school day are within the scope of her discretionary duty, which Plaintiffs do not dispute. The supervision of students falls within the discretionary duties of a teacher. *See, e.g.*, *Elvington v. Phenix City Bd. of Educ.*, No. 3:18-cv-120, 2019 WL 1117930, at *13 (M.D. Ala. Feb. 14, 2019), *adopted*, 2019 WL 117912 (M.D. Ala. Mar. 11, 2019).

Betts is, therefore, "entitled to qualified immunity under § 1983 unless (1) [she] violated a federal statutory or constitutional right, and (2) the unlawfulness of [her] conduct was clearly established at the time" of the incident. *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quotation omitted). Plaintiffs bear the burden of establishing that qualified immunity is inappropriate. *Alcocer*, 906 F.3d at 951. Plaintiffs' failure to make that showing as to either prong is fatal, and the Court need only find that one is lacking. *See id.*; *Pearson*, 555 U.S. at 236.

Plaintiffs argue that Betts violated R.H.'s Fourteenth Amendment right to bodily integrity and personal security in school. Specifically, Plaintiffs argue that Betts's decision to allow multiple ESE students to use the public restroom—as opposed to the dedicated restroom in their classroom—unaccompanied by a supervising adult and with knowledge that R.H. had never done so, violated R.H.'s Fourteenth Amendment right to be free from bodily injury.[2] "In non-custodial settings, such as in public schools, conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense. *Adams v. Demopolis City Schs.*, 80 F.4th 1259, 1274 (11th Cir. 2023)[3]; *see also Rodney K. v. Mobile Cnty. Bd. of Educ.*, No. 22-11022, 2025 WL 3295850, at *5–6 (11th Cir. Nov. 26, 2025).

While "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process," "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). "[E]ven where a student *dies*, school officials' behavior does not shock the conscience if it is no more

---

[2] Plaintiffs also rely on allegations that school officials were on notice of the risks posed by Betts's actions and of behavioral concerns within the ESE program. (Doc. 16 at 3). These facts, however, do not appear within Count VI of the Complaint and it is well-settled that parties cannot amend their pleadings "via a response to a motion to dismiss." *Llauro v. Tony*, 470 F. Supp. 3d 1300, 1313 n.6 (S.D. Fla. 2020) (quotation omitted). Accordingly, the Court does not consider such allegations. (*See* Doc. 3, ¶¶ 40, 43).

[3] Although Plaintiffs argue that "this case involves a school setting that was unquestionably custodial in nature," (Doc. 16 at 6), they fail to cite any legal authority supporting that proposition and "[i]t is well-established that 'schoolchildren are not in a custodial relationship with the state.'" *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1329 (11th Cir. 2020) (quoting *Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1378 (11th Cir. 2002)). Accordingly, the Court applies the standard for non-custodial settings.

than reckless or deliberately indifferent. Rather, something more is required, like malicious[ ] conduct or obviously excessive force." *Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1245 (11th Cir. 2025) (internal citations and quotations omitted). "In the school context, the Eleventh Circuit has repeatedly emphasized that the conscience-shocking standard is demanding and that ordinary disciplinary disputes and administrative decisions typically do not implicate substantive due process." *Stith v. Sutherland*, No. 5:25-cv-1340, 2026 WL 524776, at *8 (N.D. Ala. Feb. 25, 2026) (collecting cases).

The cases that Plaintiffs cite in support of their argument involve corporal punishment by teachers and school officials. *See Ingraham v. Wright*, 430 U.S. 651, 673–74 (1977); *Kirkland ex rel. Jones v. Greene Cnty. Bd. of Educ.*, 347 F.3d 903, 904–05 (11th Cir. 2003); *Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ.*, 229 F.3d 1069, 1074–75 (11th Cir. 2000). Plaintiffs do not cite any cases in support of their argument that Betts's actions "shock the conscious" within the constitutional sense or with facts that resemble those alleged in this case. Having carefully reviewed a number of persuasive opinions in similar cases, the Court finds that Plaintiffs have fallen short of alleging conscious-shocking behavior in this case.

In *Doe v. Huntsville City Schools Board of Education*, the plaintiff, an eight-year-old student with Asperger's Syndrome and Charcot-Marie-Tooth Syndrome, alleged that he was repeatedly subjected to bullying and physical assaults at school. 546 F. Supp. 3d 1043, 1046 (N.D. Ala. 2021). The plaintiff notified his two teachers of the bullying seven or eight times, but neither intervened. *Id.* Thereafter, the plaintiff's mother sent two e-mails to one of the plaintiff's teachers, both of which went unanswered, and then went to

the school to speak with the assistant principal. *Id.* The plaintiff's family continued to attempt to contact administrators in the following days, including by e-mail and telephone, without response while the physical attacks continued. *Id.* The plaintiff's physician provided a letter to the school setting forth the permanent nature of the injuries to the plaintiff because of the bullying. *Id.* at 1046–47. Despite this and assurances that the plaintiff and his bullies would be separated the following semester, the assistant principal instead made the plaintiff and one of his bullies "shake hands" and "become friends." *Id.* at 1047. Following this meeting, the bully told the plaintiff that since they were friends it was ok for him to hit the plaintiff, and that the plaintiff should not tell on his friend. *Id.* The attacks continued and ultimately the plaintiff was taken out of the school by his mother. *Id.* As a result of the bullying, the plaintiff had to have surgery to remove one testicle that was permanently damaged by the assaults and to repair the other. *Id.* The court determined that given the age and particular vulnerabilities of the student, coupled with the alleged failure to respond to repeated notifications regarding the bullying and an intervention that ultimately rendered the plaintiff more susceptible to bullying, the plaintiff had sufficiently alleged, at the motion to dismiss stage, a substantive due process claim. *Id.* at 1050–51.

Similarly, in *Doe ex rel. Doe v. Hoover City Board of Education*, the plaintiff, a first-grade student, was sexually assaulted by a group of her classmates on numerous occasions. No. 2:19-cv-243, 2020 WL 5548804, at *1 (N.D. Ala. Sept. 16, 2020). Prior to the plaintiff's parents becoming aware of the abuse and reporting it to the school, the principal was made aware that another girl had also been a victim of the abusers. *Id.* Once the school was notified of the abuse, the plaintiff was returned to the same class

with her abusers and experienced several more incidents of bullying, including having her hair cut, being pushed, and being bit before she was withdrawn from the school. *Id.* at *2. The court, in ruling on a motion to dismiss, determined that the plaintiff had adequately alleged a substantive due process claim because the teacher permitted multiple students to use the restroom at the same time without supervision, despite knowing that another student had reported been sexually assaulted, and only required the offenders to "run laps" upon learning of the alleged abuse, rendering a particularly young student more vulnerable and susceptible to the alleged abuse. *Id.* at *11–13.

However, in *Moore v. Chilton County Board of Education*, the court granted a motion to dismiss on a substantive due process claim based on repeated and relentless bullying of a high school student—which ultimately caused the student to commit suicide—despite the school's alleged knowledge of the bullying and failure to intervene. 936 F. Supp. 2d 1300, 1312–13 (M.D. Ala. 2013). Likewise, in *Rodney K.*, the Eleventh Circuit held that coaches that did not directly participate in hazing that resulted in severe injuries to numerous high school students were not liable for substantive due process violations, even if the coaches were aware of the hazing and failed to intervene. 2025 WL 3295850, at *6.

In *C.D.J. ex rel. Kozlowski v. Montgomery County Board of Education*, the court granted a motion to dismiss a substantive due process claim where a non-verbal autistic middle school student with learning disabilities was brutally attacked on the school bus and the bus driver failed to intervene or render aid to the bleeding student and an assistant principal, with knowledge of the student's fear of the bully, told him to get on the bus anyway. No. 2:23-cv-706, 2024 WL 3240567, at *1–2, *5–6 (M.D. Ala. June 28, 2024).

As the *C.D.J.* court noted, those cases denying motions to dismiss on peer-to-peer violence are rare and the Eleventh Circuit has not yet extended substantive due process claims by students outside the realm of corporal punishment. *Id.* at *6 (collecting cases); *see also F.V. ex rel. Vargas v. Randolph Cnty. Bd. of Educ.*, No. 2:20-CV-142, 2022 WL 988362, at *2, *4–5 (M.D. Ala. Mar. 31, 2022) (granting motion to dismiss substantive due process claims for failure to prevent known bullying against third-grade student that resulted in at least one instance of physical assault leading to loss of consciousness while the supervising teacher was "on his phone and was not paying attention to the students" (quotation omitted)); *Riser v. Jefferson Cnty. Bd. of Educ.*, No. 2:19-cv-2122, 2020 WL 6870557, at *2, *6 (N.D. Ala. Nov. 23, 2020).

Having carefully reviewed the allegations of the Complaint, and considering the above referenced cases, this Court finds that Plaintiffs have failed to allege a constitutional violation against Betts. R.H. is both young and disabled, which courts have factored heavily in favor of permitting the claim to move forward. *See Hatfield v. O'Neill*, 534 F. App'x 838, 847 (11th Cir. 2013) ("[T]he conscience-shocking threshold is more quickly reached in cases where the victim is particularly vulnerable to abuse and is otherwise defenseless." (quotation omitted)); *see also Doe*, 546 F. Supp. 3d at 1050. Nevertheless, the remaining allegations, although disturbing, fall short of alleging conscious-shocking behavior on the part of Betts. There are no allegations that R.H. had been previously threatened or that Betts was aware of similar conduct occurring in the past. As set forth above, Plaintiffs make a conclusory allegation that "[s]chool officials had actual notice of the risk posed by unsupervised restroom use by ESE students and of prior behavioral concerns within the program," (Doc. 3, ¶ 40), but this allegation is not

incorporated into Count VI and, even if it was, offers nothing more than conclusory statements that lack factual support that Betts had notice of the particular danger that occurred in this case. Finally, although Plaintiffs place significant weight on the allegation that Betts prevented R.H.'s therapist from entering the restroom with him, there are no allegations that his therapist was present to prevent physical attacks or to protect R.H. from his peers. Based on the alleged facts, Plaintiffs have not alleged conscious-shocking behavior sufficient to proceed against Betts as to Count VI.

Plaintiffs argue that they should be granted leave to amend Count VI. Because it is not clear that amendment would be futile and Plaintiffs have not yet had an opportunity to amend, the Court will permit Plaintiffs one opportunity to amend the pleading as to Count VI.

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Kelsey Betts's Motion to Dismiss (Doc. 7) is **GRANTED**.
2. Counts III, IV, VI, and VIII of the Complaint (Doc. 3) are **DISMISSED without prejudice**.
3. On or before **September 8, 2026**, Plaintiffs may file an amended pleading to correct the deficiencies noted herein with respect to Count VI. The failure to timely do so may result in the dismissal of all claims without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on August 25, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record